Argued and submitted July 28, supplemental judgment reversed and remanded
September 16, 2020

In the Matter of the Marriage of

Aaron Scott DAVISON,
*Petitioner-Respondent,*
*and*

Shannon Renae SCHAFER,
*Respondent-Appellant.*

Washington County Circuit Court
C141979DRA; A169610

475 P3d 125

Ramon A. Pagan, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Supplemental judgment reversed and remanded.

**PER CURIAM**

In this domestic relations case, mother appeals a supplemental judgment addressing parenting time and child support in which the court included the following order: "On or before July 1, 2018, Mother shall move within a 10 miles [*sic*] radius of Father's residence as determined by a circle drawn around Father's current residence on a map." Mother assigns error to that order, contending that there was no authority for it and that, if the court had the authority to enter such an order, doing so was an abuse of discretion. Father has not appeared on appeal. We agree with mother that whatever authority a court might have to order a parent to relocate—a question we do not resolve—the court lacked the authority to enter the particular order that it did. We therefore reverse and remand.

In this case, mother has sole legal custody and has been the child's primary caretaker since 2014 when the child was two years old. That same year, mother and child moved from Beaverton, where both mother and father lived, to Hood River. As mother acknowledged at oral argument in this case, she did so in violation of the term of the judgment requiring, in accordance with ORS 107.159, that either party give notice to the other and to the court of any move "more than sixty (60) miles further distant from the other parent."

Despite that violation, neither father nor the court sought to remedy it at the time and, in the interim, the court entered a number of orders that treated Hood River as the primary residence of mother and the child. Several years later, father initiated this proceeding in which he requested an order directing the child "to move back to the greater Portland area, such that [the child] attends school" in father's school district. In his declaration supporting the motion and at the hearing, he clarified that he was seeking to compel mother to move back to Portland with the child. The trial court granted the requested relief and mother appealed; on mother's motion, the Appellate Commissioner stayed the order requiring mother to move.

As noted, mother contends on appeal that the trial court erred in entering the challenged order, arguing that

the court lacked authority to do so or, at a minimum, abused its discretion. Lacking the benefit of briefing on the opposing position, we decline to resolve the question of whether and in what circumstances it might be permissible for a court to order a custodial parent to move, although we note, as did the Appellate Commissioner, that the court did not identify any statutory authority for its order. One way or another, the court's order in this case exceeded any authority it might have had. Under ORS 107.159(1), a parent need notify the other parent and the court of a move only if it exceeds 60 miles. ORS 107.159(1); *Slaughter and Harris*, 292 Or App 687, 690, 425 P3d 770 (2018). A necessary implication of that statute is that the legislature intended for parents to have the latitude to make moves of 60 miles or less, unrestricted by even a notice requirement. In view of that degree of relocation freedom contemplated by the legislature, whatever authority, if any, the court had to order mother to move, it did not extend to ordering her to orbit father at a radius of 10 miles or less.

Supplemental judgment reversed and remanded.